**GIBSON DUNN**

August 6, 2025

Barry H. Berke
Partner
T: +1 212.351.3860
M: +1 917.543.4823
bberke@gibsondunn.com

VIA ECF
The Honorable Arun Subramanian
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Joint Letter regarding *Clark v. Lauder, et al.*, No. 1: 25-cv-3853-AS (S.D.N.Y.) and *Van Winkle v. Lauder, et al.*, No. 1:25-cv-03857-AS (S.D.N.Y), and Joint Letter Motion to Adjourn August 14, 2025 Status Conferences

Dear Judge Subramanian:

      This letter is being submitted on behalf of counsel to plaintiffs Daniel Clark and Matthew Van Winkle ("Plaintiffs") and defendants Ronald S. Lauder, Fabrizio Freda, Jane Lauder, William P. Lauder, Carl Haney, Michael O'Hare, Jane Hertzmark Hudis, Tracey T. Travis, Jennifer Hyman, Barry S. Sternlicht, Charlene Barshefsky, Lynn Forester de Rothschild, Paul J. Fribourg, Richard F. Zannino, Jennifer Tejada, Arturo Nuñez, Angela Wei Dong, Wei Sun Christianson, and Rose Marie Bravo, and nominal defendant The Estée Lauder Companies Inc. ("ELC" or the "Company") (collectively, the "Defendants", and with "Plaintiffs," the "Parties". We write jointly regarding the status of the above-captioned actions and to jointly request an adjournment of the August 14, 2025 status conferences.

      These two actions are both stockholder derivative actions filed by individual stockholders on behalf of nominal defendant ELC, pleading claims for breach of fiduciary duty and unjust enrichment related to alleged misstatements and omissions about ELC's travel retail sales growth and its reliance on a sales practice called daigou against Defendants.  These two actions are factually related to a securities class action also pending in this Court, *In re The Estée Lauder Co., Inc. Securities Litigation*, No. 1:23-cv-10669-AS (S.D.N.Y.).

      There is diversity subject matter jurisdiction since there is complete diversity between all of the Parties in both actions and the amount in controversy is greater than $75,000.  ELC's principal place of business is in New York, New York, and it is incorporated under the laws of Delaware.  Defendants expressly reserve all rights and preserve all potential arguments with regard to Plaintiffs' choice of forum.

      The Parties have been engaged in discussions about consolidation of these two actions and scheduling, including as it relates to the pending securities class action.  In reliance on counsel's representations that they are accepting service for all of the Defendants, and in light of the Parties' anticipated stipulation that will (among other things) formalize the acceptance of service, Plaintiffs have held off personally serving the Defendants (out of an abundance of caution, Plaintiffs also

**GIBSON DUNN**

August 6, 2025
Page 2

have sent waivers of service). Defendants, therefore do not have any deadlines currently pending. The Parties anticipate filing a joint stipulation on or before August 22, 2025.

To date, there has not been any discovery in this matter.

The Parties have not had any settlement discussions and do not believe these actions are ready for resolution through use of alternate dispute resolution mechanisms at this time.

The Parties also jointly request that the Court adjourn the scheduled status conferences on August 14, 2025 in the two actions: 1) *Van Winkle v. Lauder, et al.*, at 2:30 pm and 2) *Clark v. Lauder, et al.*, at 3:00 pm. The Parties believe, in the interest of judicial economy, that the status conferences should be adjourned given the Parties' discussions about ongoing consolidation and scheduling and the forthcoming stipulation. This is the Parties' first request for an adjournment, and both Parties consent. There are no other Court appearances scheduled besides these status conferences.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

/s/ Barry H. Berke

Barry H. Berke
Partner
*Attorney for Defendants*

LEVI & KORSINSKY, LLP

/s/ Correy A. Suk

Correy A. Suk
Senior Associate
*Attorney for Plaintiff Daniel Clark*

ROBBINS LLP

/s/ Shane P. Sanders

Shane P. Sanders
Partner
*Attorney for Plaintiff Matthew Van Winkle*

The request is GRANTED. The initial pre-trial conferences are adjourned sine die. The parties shall submit a joint status update, including a proposed briefing scheduled and case management pan, on or before August 22, 2025.

The Clerk of Court is directed to terminate Dkt. 10 in 25cv3853 and Dkt. 22 in 25cv3857.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: August 7, 2025